# In the United States Court of Federal Claims

<table>
<tr><td>

ROBERT C. BASS,

      Plaintiff,

      v.

THE UNITED STATES,

      Defendant.

</td><td>

No. 25-1411
Filed June 2, 2026

</td></tr>
</table>

Robert C. Bass, Brooklyn, New York, plaintiff, pro se.
Sean K. Griffin, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the government's motion to dismiss**

Robert C. Bass, proceeding without an attorney, filed a complaint in this court alleging a breach of contract and an illegal exaction connected to the government's 2012 action against the Swiss bank Wegelin & Co., where he held an account. The government moves to dismiss Mr. Bass's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, arguing that Mr. Bass's claims are time barred and that his illegal exaction claim is frivolous. Because Mr. Bass's claims are time barred, have already been decided by another court, and are actually directed against a private party, the court will grant the government's motion to dismiss.

## I.    Background

In 2012, the government charged Wegelin in district court in New York with "conspiring with U.S. taxpayers to defraud the Internal Revenue Service, file false federal income tax returns, and evade federal income taxes." ECF No. 40-1 at Appx40. One year later, Wegelin entered into a plea agreement in which it agreed to forfeit $15,821,000 in proceeds from its tax fraud scheme.

1

*Id.* Wegelin transferred the funds to a seized-assets deposit account maintained by the U.S. Department of the Treasury, and the district court entered a preliminary order of forfeiture. *Id.* at Appx40-41. The order required the government to publish a forfeiture notice to the public for at least thirty days. *Id.* at Appx41. Under the forfeiture notice, anyone "asserting a legal interest in the Defendant Funds must file a petition within sixty (60) days from the first day of publication of the notice." *Id.* The government posted the notice at www.forfeiture.gov for the required thirty days, and the district court then issued a final order of forfeiture in 2013. *Id.* at Appx40-43.

In February 2023, Mr. Bass filed a petition with the IRS requesting the return of $3,500,000 that he alleges he held in an account at Wegelin. ECF No. 1 at 4; ECF No. 40-1 at Appx37-39. The IRS presumably routed the request to the Department of Justice because the Money Laundering and Asset Recovery Section of the Department of Justice denied Mr. Bass's petition, explaining that he had not established that he qualified "as a victim, owner, or lienholder."  ECF No. 40-1 at Appx35-36. Mr. Bass filed a reconsideration petition (*id*. at Appx29-34), which the Department of Justice denied. ECF No. 1 at 4; ECF No. 40-1 at Appx27-34.

Mr. Bass then, in January 2024, filed a petition in district court in New York seeking review of the Department of Justice's decision and seeking remission, or the return, of money that he alleged the government had seized from his Wegelin account. ECF No. 1 at 2 [¶7]; ECF No. 40-1 at Appx5-26. The government filed a letter opposing Mr. Bass's petition. ECF No. 40-1 at Appx2-4. The government's letter argued that a decision denying a remission petition is not subject to judicial review because remission is within the Attorney General's discretion. *Id.* at Appx3-4. The government also argued that it had followed the necessary procedural steps when it seized the Wegelin funds. *Id.* at Appx4. The district court denied Mr. Bass's petition in February 2024 "for essentially the reasons stated in the Government's letter." *Id.* at Appx1. Mr. Bass appealed, and

the Second Circuit affirmed. *Bass v. United States*, No. 24-1079, 2024 WL 5153976 (2d Cir. Dec. 18, 2024). Mr. Bass then sought monetary relief in the district court, and the district court also denied that motion. ECF No. 1 at 3 [¶9]; *United States v. Berlinka*, No. 12-cr-2, ECF Nos. 91, 92 (S.D.N.Y Jan. 13 & 14, 2025). Mr. Bass appealed that denial, and the Second Circuit dismissed the appeal because it lacked "an arguable basis either in law or in fact." *Id.* at 3 [¶11]; *United States v. Bass*, No. 25-183, ECF No. 52 (2d Cir. July 9, 2025). The Second Circuit denied Mr. Bass's request for en banc rehearing. *Id.* at 3 [¶13]; *Bass*, No. 25-183, ECF No. 60 (2d Cir. Aug. 18, 2025).

Mr. Bass then sued in this court in August 2025, alleging a taking and a breach of contract. ECF No. 1 at 5-10. The government moved to dismiss. ECF No. 34. Mr. Bass filed an amended complaint, which the court accepted, alleging an illegal exaction. ECF Nos. 38, 39. The government now moves to dismiss Mr. Bass's amended complaint. ECF No. 40.

## II.    Discussion

The government moves to dismiss under rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). ECF No. 40 at 1. The government argues that the court lacks jurisdiction over Mr. Bass's amended complaint because (1) the forfeiture statute on which Mr. Bass's claims rest is not money mandating; (2) his illegal exaction claim is jurisdictionally infirm and fails to state a claim upon which relief may be granted; (3) his breach of contract claim fails for lack of privity with the government; and (4) his illegal exaction and breach of contract claims are time barred under 28 U.S.C. § 2501. ECF No. 43 at 1. Mr. Bass responds that the court has Tucker Act jurisdiction over illegal exaction claims regardless of whether the underlying statute is money mandating when it comes to a direct claim to specific property with an ownership interest (ECF No. 42 at 10); the government's exaction occurred without giving him proper notice (*id.* at 12); there was an implied-in-fact contract that arose when the government undertook its obligation

3

to handle forfeited funds (*id.* at 16); and the statute of limitations should be tolled or its accrual suspended because the government's failure to provide notice prevented him from knowing that his property interests were at stake (*id.* at 18).

The jurisdiction of this court is primarily defined by the Tucker Act, which provides the court with jurisdiction over "any claim against the United States founded … upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(b)(1); *see Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Kelley v. Secretary of the Department of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

This court's rule 12(b)(6) requires a plaintiff to bring a claim on which the court can grant relief. On a motion to dismiss under rule 12(b)(6), the court must accept well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The court need not accept the parties' legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "A complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Lindsay*, 295 F.3d at 1257, and *Iqbal*, 556 U.S. at 679).

This court cannot hear Mr. Bass's complaint for three reasons: (1) his claims are barred by the statute of limitations; (2) Mr. Bass cannot relitigate whether the government gave him effective notice of the forfeiture; and (3) Mr. Bass's complaint is more appropriately directed against Wegelin, a private party over which this court has no jurisdiction. The first and third reasons show the court's lack of subject-matter jurisdiction, and the second reason demonstrates at least a failure to state a claim. Because the court lacks jurisdiction over the complaint, the court will not defer deciding the government's motion to dismiss (ECF No. 42 at 9) and will deny Mr. Bass's motion for a status conference (ECF No. 44) as moot.

### A.   The statute of limitations bars Mr. Bass's claims

The statute of limitations bars Mr. Bass's claims against the government. Mr. Bass characterizes the forfeiture of his funds, which were deposited with Wegelin, as an illegal exaction, and he contests whether the government published notice of the seized Wegelin funds in 2013. ECF No. 39 at 4-5. Mr. Bass also argues that, once Wegelin signed the plea agreement, the government had a duty to Wegelin's non-criminal clients that it violated in its handling of the plea agreement.

*Id.* at 6-8. Because those claims accrued more than six years ago, they are untimely under the court's statute of limitations.

Under 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1350 (Fed. Cir. 2011) (quotation marks omitted).

An illegal exaction claim "involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Flander v. United States*, 737 F. App'x 530, 532 (Fed. Cir. 2018). Thus, an illegal exaction claim alleges that "the Government has the citizen's money in its pocket." *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (citation omitted). It accrues when the money has been transferred to the government. *See Townsend v. United States*, No. 19-759, 2020 WL 5552043 at *3 (Fed. Cl. Sept. 16, 2020). For a breach of contract claim, the "cause of action accrues when the breach occurs." *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998); *see also Rocky Mountain Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (explaining that the time bar depends on the termination date of the contract).

Mr. Bass's illegal exaction and breach of contract claims both accrued in 2013. Mr. Bass states in his amended complaint that the government submitted the stipulated preliminary order of forfeiture and the alleged forfeiture notice in 2013. ECF No. 39 at 4-6. The district court issued the final order of forfeiture (ECF No. 40-1 at Appx40) and plea agreement (*id.* at Appx91-98) that same year. Mr. Bass's funds were "in [the government's] pocket" at least after the 2013 final order

6

of forfeiture. *Ontario Power Generation*, 369 F.3d at 1301. Thus, Mr. Bass's illegal exaction claim is time barred.

The same is true for the breach of contract claim. Mr. Bass argues that the United States breached an implied contract with him when it obtained the district court's approval of the stipulated preliminary and final orders of forfeiture. ECF No. 39 at 7. Both happened in 2013. *Id.* at 4-6; ECF No. 40-1 at Appx40. Thus, Mr. Bass's claims accrued in 2013, more than six years before Mr. Bass filed this case in 2025. Mr. Bass's allegations of an illegal exaction and a breach of contract are barred under section 2501.

Mr. Bass argues that the statute of limitations should run from when he discovered new evidence relating to his claim, the unredacted Wegelin sentencing memorandum, in 2024. ECF No. 1 at 5-6; ECF No. 39 at 2. Alternatively, Mr. Bass argues that his claims are subject to the accrual suspension rule because the government did not give him notice of the forfeiture. ECF No. 42 at 18.

Because the claims accrued in 2013, Mr. Bass's first argument essentially requests that the court apply equitable tolling. But the six-year limitation period is "absolute" in nature. *John R. Sand & Gravel Company v. United States*, 552 U.S. 130, 133-34 (2008). The six-year limitation is "jurisdictional and may not be waived or tolled." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012). Thus, Mr. Bass's claims cannot be tolled for his failure to promptly learn of the unredacted sentencing memorandum.

Mr. Bass also is not entitled to the benefit of the accrual suspension rule, which "is 'distinct from the question whether equitable tolling is available under [28 U.S.C. § 2501].'" *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (quoting *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003) (en banc)). According to the Federal Circuit, "the accrual of a claim

against the United States is suspended, for purposes of 28 U.S.C. § 2501, until the claimant knew or should have known that the claim existed." *Martinez*, 333 F.3d at 1319. For the accrual suspension rule to apply, Mr. Bass must "either show that [the government] has concealed its acts with the result that [he] was unaware of their existence, or [he] must show that [his] injury was inherently unknowable at the accrual date." *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985) (cleaned up). The "rule is strictly and narrowly applied." *Id.*[1]

In his amended complaint, Mr. Bass neither pleaded nor presented evidence establishing that the operative facts of his illegal exaction and breach of contract claims were inherently unknowable. Mr. Bass could have checked his bank account at any time between the 2013 forfeiture and 2025 and discovered that his deposits were missing, with or without an official notice in 2013. Nor has Mr. Bass alleged facts demonstrating that the government concealed its actions. Even if the notice of forfeiture posted by the government was inaccessible through the website, as Mr. Bass alleges (ECF No. 39 at 5), news of the plea agreement with Wegelin was publicly reported

---

[1] The accrual suspension rule appears only in decisions of this court and the Federal Circuit (or their predecessors). And the court of appeals most often denies application of the rule. *See Young*, 529 F.3d at 1385; *Martinez*, 333 F.3d at 1319; *but see Holmes v. United States*, 657 F.3d 1303, 1322 (Fed. Cir 2011) (requiring the Court of Federal Claims to apply the accrual suspension rule in the plaintiff's favor in determining when he reasonably should have known of the alleged breach of contract). While a unique doctrine for a limitations period applicable only to this court is odd, so is the jurisdictional nature of this court's statute of limitations under *John R. Sand & Gravel*. *See United States v. Wong*, 575 U.S. 402, 408-09 (2015) (explaining that "most time bars are non-jurisdictional"). Further, some state laws provide that breach of contract actions do not even accrue until after the plaintiff knew or should have known of the breach. *See Design Gaps, Inc. v. Distinctive Design and Construction LLC*, 162 F.4th 452, 480 (4th Cir. 2025) (applying South Carolina law); *Bank of America, N.A. v. Dakota Homestead Title Insurance Co.*, 553 F. App'x 764, 766 (10th Cir. 2013) (applying Colorado law). With or without the accrual suspension rule, some contract-based statutes of limitations do not begin to run until the plaintiff could have known of his injury. And, regardless, Federal Circuit precedent, including the existence of the accrual suspension rule, is binding on this court.

in other ways. *See, e.g.*, Press Release, U.S. Department of Justice, *Swiss Bank Sentenced In Manhattan Federal Court For Conspiring To Evade Taxes* (Mar. 4, 2013); Julia Werdigier, *Wegelin Ordered to Pay $74 Million in Tax Plea*, New York Times (Mar. 5, 2013); Reed Albergotti, *Wegelin to Pay U.S. $74 Million*, Wall Street Journal (Mar. 4, 2013) (all cited at ECF No. 40 at 16 n.7). Mr. Bass argues that the court should not consider the public reporting of the forfeiture (ECF No. 42 at 21 n.4), but the court can consider public reporting for purposes of determining its jurisdiction. *See Bowers Investment Co., LLC v. United States*, 104 Fed. Cl. 246, 252 (2011), *aff'd*, 695 F.3d 1380 (Fed. Cir. 2012) ("When a party challenges the jurisdictional facts alleged in the complaint, the court may consider relevant evidence outside the pleadings to resolve the factual dispute." (cleaned up)). Between the forfeiture in 2013 and Mr. Bass's complaint here in 2025, there was time and the opportunity for Mr. Bass to discover that his funds were missing. Mr. Bass's claims were not "inherently unknowable." *Welcker*, 752 F.2d at 1580.

**B.      Several of Mr. Bass's claims have been addressed by a federal district court and a court of appeals, barring this court's review**

Mr. Bass bases his fraud claim and his argument for the accrual suspension rule on the government's alleged failure to provide notice of its seizure of Wegelin's money. ECF No. 39 at 4-5. But, as the government points out (ECF No. 40 at 14), Mr. Bass has raised the same argument in other courts and lost. *See Berlinka*, No. 12-cr-2, ECF No. 82 (reproduced at ECF No. 40-1 at Appx1), *aff'd Bass*, 2024 WL 5153976, at *1-2. Issue preclusion bars any attempt to relitigate that issue here.

"Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984). Issue preclusion "protects the finality of judgments by precluding relitigation in a second suit of claims actually litigated and determined in the first suit." *Laguna*,

9

671 F.3d at 1287 (citations omitted). Mr. Bass is precluded from relitigating the issue of the government's notice if "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the first action." *Id.* at 1288.

As noted above, Mr. Bass argued to the New York district court that the government did not publicize the notice of forfeiture of Wegelin funds, as required by law. ECF No. 40-1 at Appx5-6. The government's opposition noted, among other things, that "the applicable procedural requirements—specifically, notice of forfeiture—were followed." *Id.* at Appx4. The district court denied Mr. Bass's petition "for essentially the reasons stated in the Government's letter." ECF No. 40-1 at Appx1. The Second Circuit affirmed. *Bass*, 2024 WL 5153976, at *1-2. The Second Circuit noted that "[t]he only substantive aspect of the district court's decision that Bass challenges is its conclusion that the government complied with the applicable legal notice requirements prior to forfeiting the property." *Id.* at *1. It therefore "address[ed] only that question." *Id.* The Second Circuit held that Mr. Bass had not established "that the government did not publish the notice or that its website was inaccessible to Bass at the relevant time." *Id.* at *2.

Thus, the Second Circuit considered and rejected Mr. Bass's precise argument that the Wegelin forfeiture notice had not been published. That determination was essential to the Second Circuit's decision and therefore the district court's final judgment, as it was the only issue the Second Circuit decided. And Mr. Bass had a full and fair opportunity to litigate the issue in district court and on appeal. *See Laguna*, 671 F.3d at 1288. Here, Mr. Bass again argues that the government did not provide notice (ECF No. 39 at 5) and asks this court to relitigate the district court's and Second Circuit's decisions. This court cannot. *See Wisconsin Alumni Research Foundation v.*

10

*Apple Inc.*, 112 F.4th 1364, 1384 (Fed. Cir. 2024) (applying issue preclusion in the patent context because doing otherwise would allow litigants to maintain an untenable "repetitious litigation strategy"); *Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1349 (Fed. Cir. 2022) (noting that preclusion "protects the public interest in avoiding inconsistent results and conserving judicial resources").

Likewise, "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). If this court were to review the determinations of the New York district court or the Second Circuit, that would effectively be a collateral attack on the judgments of those courts. *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001).

### C. Mr. Bass's claims are more appropriately directed against Wegelin, a private party, rather than the government

Although Mr. Bass has brought suit here against the government, his claims are directed against Wegelin, a private party. His amended complaint states that he seeks monetary civil relief and the return of his $3,500,000 deposit, along with the interest the account would have accrued "had Bass' lawful and legally-earned funds not been seized and forfeited by Wegelin & Co., as agreed in the Wegelin Plea Agreement." ECF No. 39 at 3. Wegelin agreed to plead guilty and signed the plea agreement. *Id.* at 7. Taking Mr. Bass's allegations as true, he lost his deposit because Wegelin pleaded guilty to tax fraud and agreed to forfeit the funds to the government. *See id.*; *see also Gray v. United States*, No. 22-541, 2022 WL 4103075, at *1 (Fed. Cl. Sep. 8, 2022) (noting that the court does not have jurisdiction where a private party, not the government, breached any alleged duty).

This court lacks jurisdiction over claims against private organizations; it only has jurisdiction over claims against the federal government. 28 U.S.C. §1491; *United States v. Sherwood*, 312

11

U.S. 584, 588 (1941) (the court is "without jurisdiction of any suit brought against private parties").

Mr. Bass's complaint essentially alleges that Wegelin should not have agreed to forfeit the funds, which were in Wegelin's possession, to the government. Mr. Bass's claims are against Wegelin, not the government. Because this court lacks jurisdiction to hear claims against private parties, it does not have jurisdiction over Mr. Bass's claims.

> **D.    The court will not defer deciding the government's motion to dismiss, and Mr. Bass's request for a status conference is moot**

In his response to the government's motion to dismiss, Mr. Bass argues that the court should defer ruling on the motion to dismiss until after a trial. ECF No. 42 at 9. Because the court does not have jurisdiction over Mr. Bass's claims, it need not and cannot defer a ruling until after a trial. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the government's motion to dismiss was pending, Mr. Bass submitted a motion requesting a status conference in the case. ECF No. 44. Because the court is granting the government's motion to dismiss, and the court has no jurisdiction over Mr. Bass's complaint, the motion for a status conference is moot. The court will deny the motion.

## III.    Conclusion

For the reasons stated above, the court **grants** the government's motion to dismiss Mr. Bass's amended complaint for lack of subject-matter jurisdiction (ECF No. 40) and **dismisses** the amended complaint. Mr. Bass's motion for a status conference (ECF No. 44) is **denied** as moot. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge

12